Veronica A. Procter
PROCTER LAW, PLLC
2718 Montana Avenue, Suite 230
P.O. Box 782
Billings, Montana 59103
Telephone: (406) 294-8915
vp@procterlawfirm.com
*Attorney for Plaintiff Tiffany Werk*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TIFFANY WERK, | CAUSE NO. |
| Plaintiff, | Judge |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SIDNEY HEALTH CENTER, | |
| Defendant. | |

COMES NOW the Plaintiff, Tiffany Werk by and through her counsel of record, Veronica A. Procter of Procter Law, PLLC, and for her Complaint against Defendant Sidney Health Center, complains and alleges as follows:

1. Plaintiff Tiffany Werk is a resident of Yellowstone County, Montana.

2. Defendant Sidney Health Center ("SHC") is a regional healthcare facility located in Sidney, Montana, and is licensed to do business as a domestic non-profit corporation with the Secretary of State for the State of Montana.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 (b)-(e).

5. On November 3, 2015, Plaintiff was sexually assaulted by unknown assailant(s) in Sidney, Montana.

6. The Sidney Police Department was contacted and Plaintiff was transported to Sidney Health Center for medical services.

7. SHC refused to complete a Sexual Assault Nurse Examiner (SANE) exam on Plaintiff following her sexual assault, despite the request of Plaintiff, a Victim/Witness Advocate of the Seventh Judicial District and members of the Sidney Police Department.

8. SHC had personnel trained to perform a SANE exam, including the nurse on shift and a nurse on call.

9. As a result, Plaintiff had to be transported to another healthcare facility over 250 miles away for a SANE exam to be performed and valuable forensic evidence was lost because of the delay.

## COUNT I: NEGLIGENCE

10. Plaintiff incorporates by reference the allegations contained in Paragraph Nos. 1 through 9 as stated fully herein.

11. Defendant Sidney Health Center ("SHC") is a healthcare facility that provides medical services to individuals in its region.

12. Defendant SHC owes a duty of care to those it provides healthcare services.

13. Defendant SHC breached its duty when it failed to perform a SANE exam on Plaintiff upon her request and that of law enforcement, despite having the resources to do so.

14. Plaintiff suffered damages as a result of SHC's breach of care.

## COUNT II: VIOLATION OF EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT (EMTALA) 42 U.S.C.A. § 1395dd(a)

15. Plaintiff incorporates by reference the allegations contained in Paragraph Nos. 1 through 14 as stated fully herein.

16. EMTALA requires Defendant SHC to accept any individual who comes to its emergency department and requests an examination or treatment for a medical condition.

17. SHC must conduct an appropriate medical screening within the capability of the hospital's emergency department to determine whether or not an emergency medical condition exists pursuant to 42 U.S.C. § 1395 dd(a).

18. Defendant SHC did not prepare a SANE exam as required by its policy and procedures manual for sexually assaulted patients, and failed to properly screen and treat Plaintiff pursuant to the requirements of EMTALA.

19. SHC violated Emergency Medical Treatment and Active Labor Act (EMTALA) by refusing to treat Plaintiff and treating Plaintiff disparately from its standard screening procedures.

20. Plaintiff suffered damages as a result of SHC's violation of the same.

## COUNT III: VIOLATION OF THE MONTANA HUMAN RIGHTS ACT

## MONT. CODE ANN. § 49-2-101 ET SEQ

21. Plaintiff incorporates by reference the allegations contained in Paragraph Nos. 1 through 20 as stated fully herein.

22. Plaintiff is a member of a protected class, SHC refused to perform a SANE exam on Plaintiff upon request and others outside her protected class were given SANE exams upon when requested.

23. Plaintiff is a female of Native American race who SHC discriminated against, due to gender and/or race, by failing to treat her with dignity and failing to proceed the requested SANE exam in response to her request and that of law enforcement, despite having the resources to do so.

24. Plaintiff suffered damages as a result of SHC's violation of her civil rights.

## COUNT IV: INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates by reference the allegations contained in Paragraph Nos. 1 through 24 as stated fully herein.

26. As a result of SHC's intentional or negligent conduct, Plaintiff has suffered and continues to suffer serious and severe emotional distress because of SHC's disparate treatment of her and failure to provide a SANE exam after her sexual assault.

27. Plaintiff's emotional distress was and is a reasonably foreseeable consequence of SHC's intentional or negligent conduct.

28. As a dire result of SHC's intentional or negligent conduct, Plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. Plaintiff be awarded damages, in amounts to be determined at trial;
2. For the costs and expenses of suit herein;
3. For attorney fees as allowed by law;
4. For any such other and further relief as may be just and proper.

///

RESPECTFULLY SUBMITTED this 24th day of January, 2017

**PROCTER LAW, PLLC**

By: _____
VERONICA A. PROCTER
*Attorney for Plaintiff Tiffany Werk*

DEMAND FOR JURY TRIAL

COMES NOW Plaintiff and demand a jury trial on all issues of facts raised herein.

RESPECTFULLY SUBMITTED this 24th day of January, 2017.

**PROCTER LAW, PLLC**

By: _____
VERONICA A. PROCTER
*Attorney for Plaintiff Tiffany Werk*